OPINION
{¶ 1} John Gipp, III appeals from his forgery and theft convictions in the Champaign County Common Pleas Court. Gipp pleaded guilty to one count of forgery and one count of misdemeanor theft on October 1, 2001. Gipp was sentenced to three years of community control and fined $100.00. He was notified by the trial court that he would serve a 12 month sentence if he violated the terms of his community control sanction.
 {¶ 2} On June 4, 2003, a community control violation hearing was held in the Champaign County Court of Common Pleas at which time Gipp admitted the merits of each of three violations: (1) on March 29, 2002, committing the crime of felony drug possession; (2) on August 22, 2002, committing the crime of criminal trespass; and (3) also on August 22, 2002, committing the crime of driving while under an FRA suspension. On the felony drug possession charge Gipp was found guilty of having 2.78 grams of cocaine in his possession. He was sentenced to one year by Montgomery County Common Pleas Court. The trial court revoked Gipp's community control sanction and sentenced him to one year for the original forgery to run concurrently with the Montgomery County convictions.
 {¶ 3} In imposing the maximum sentence upon Gipp, the trial court found that Gipp posed the greatest likelihood of committing future crimes. In making that finding, the trial court noted that Gipp had served a prior prison term, that he had not responded favorably to the community control sanction, he showed no genuine remorse for his criminal conduct, and he had a history of criminal convictions.[1]
 {¶ 4} In a single assignment of error, Gipp contends the trial court erred in imposing the maximum sentence for the forgery conviction upon him.
 {¶ 5} The trial court may impose the maximum sentence only upon offenders who commit the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain drug offenders, and upon certain repeat offenders. See, R.C. 2929.14(C). Gipp contends the trial court's reasons for finding that he posed the greatest likelihood of committing future crimes are vague at best and do not support the trial court's findings. We disagree. The court could reasonably conclude that Gipp posed the greatest likelihood of committing future crimes from the reasons the court listed in its judgment entry. The fact that the court found Gipp more likely to reoffend pursuant to the factors listed at R.C. 2929.12(D) is not inconsistent with the court's findings made pursuant to R.C.2929.14(C).
 {¶ 6} The assignment of error is overruled. Judgment affirmed.
Fain, P.J., and Grady, J., concur.
[1] The court also noted that it considered these reasons when considering the recidivism factors listed in R.C. 2929.12.